1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   BRADLEY L. HALL,              )  Case No. 2:11-CV-00952-JAM-GGH
                                   )
11                Plaintiff,       )
                                   )  ORDER GRANTING DEFENDANTS'
12        v.                       )  MOTION TO DISMISS
                                   )
13   MORTGAGE INVESTORS GROUP, OLD )
     REPUBLIC TITLE COMPANY, MORTGAGE )
14   ELECTRONIC REGISTRATION SYSTEMS, )
     INC., QUALITY LOAN SERVICE     )
15   CORP., BAC HOME LOAN SERVICING, )
     LP, LSI TITLE COMPANY, DOES 1- )
16   100, inclusive,               )
                                   )
17   _____Defendants.___)

18        This matter comes before the Court on Defendants BAC Home Loan

19   Servicing, LP ("BAC"), Mortgage Electronic Registration Systems,

20   Inc. ("MERS") and Recontrust Company, N.A.'s ("Recontrust")

21   (collectively "Defendants") Motion to Dismiss (Doc. #9, 27)

22   Plaintiff Bradley Hall's ("Plaintiff") Complaint (Doc. #1),

23   pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants

24   also move to expunge a recorded lis pendens (Doc. #9).  Plaintiff

25   opposes only the Motion to Dismiss (Doc. #18).[1]

26        For the reasons set forth below, Defendants' Motion to Dismiss

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
     scheduled for July 20, 2011.

1

1 and Motion to Expunge are granted in their entirety.

2

3               I.   FACTUAL AND PROCEDURAL BACKGROUND

4      This action arises out of a nonjudicial foreclosure of real

5 property located at 3013 Latham Lane in El Dorado Hills, California

6 ("Subject Property").  <u>See</u> Plaintiff's Complaint, Doc. #1

7 ("Comp."), ¶¶ 1, 18, 19.  Sometime in 2007, Plaintiff borrowed

8 $279,500.00 from non-moving defendant Mortgage Investors Group,

9 which was secured by the Subject Property.  <u>Id</u>. at ¶¶ 44, 48.

10 Plaintiff subsequently defaulted on the loan, and various

11 defendants began the foreclosure process.  <u>Id</u>. at ¶¶ 18, 19, 49.

12      Plaintiff alleges that he is "the victim of fraud, unlawful

13 and predatory lending [practices,] and an underlying conspiracy to

14 commit fraud."  Comp. at ¶ 18.  Plaintiff seeks relief based on

15 alleged wrongful acts by Defendants during the loan origination

16 process and Defendants' failure to "work with Plaintiff in any

17 reasonable way to avoid foreclosure during the time of

18 [Plaintiff's] financial difficulties."  <u>Id</u>. at ¶ 55.

19      Defendant Recontrust moved to join the Motion to Dismiss (Doc.

20 #27) on July 15, 2011, which Plaintiff did not oppose.

21 Accordingly, this Court considers the pending Motion to Dismiss and

22 Motion to Expunge as filed by all Defendants.

23

24                  II.   OPINION

25     A.  <u>Legal Standard</u>

26      A party may move to dismiss an action for failure to state a

27 claim upon which relief can be granted pursuant to Federal Rule of

28 Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

   B.   Judicial Notice

In this case, both parties submit requests for judicial notice.  Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim, unless the material is attached to, or relied on by, the complaint, or the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal.

1   Mar. 30, 2009) (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668,

2   688 (9th Cir. 2001) and FED. R. EVID. 201).

3       Plaintiff filed an "Exhibit Index to the Complaint," attaching

4   the Deed of Trust, Substitution of Trustee, Notice of Default, and

5   Notice of Trustee's Sale (Doc. #7, Exhibits A-D), and Defendants

6   also request that this Court take judicial notice of these same

7   documents.  <u>See</u> Defendants' Request for Judicial Notice ("Defs.'

8   RJN"), Doc. #9-2, Exhibits A, D, B, & E, respectively.  As

9   Plaintiff did not object to Defendants' request, and because he

10  relies on these documents in his Complaint, this Court will grant

11  Defendants' request and take judicial notice of the Deed of Trust,

12  Substitution of Trustee, Notice of Default, and Notice of Trustee's

13  Sale (Defs.' RJN, Exhibits A, D, B, & E) in accordance with Federal

14  Rule of Evidence 201.

15      Plaintiff also included a request for judicial notice in his

16  Opposition to Defendants' Motion to Dismiss, asking this Court to

17  consider two consent orders entered by federal agencies and signed

18  by various MERS personnel (Doc. #18, Exhibits A, B).  These

19  documents are irrelevant to the pending motion to dismiss, and this

20  case, and therefore, Plaintiff's request as to Exhibits A and B to

21  his Opposition is denied.  <u>See</u> FED. R. EVID. 201.

22      Defendant further requests that this Court take judicial

23  notice of the Assignment of Deed of Trust, a second Notice of

24  Trustee's Sale (recorded April 20, 2011), and a lis pendens

25  (recorded April 11, 2011).  Defs.' RJN, Exhibits C, F, & G.

26  Because Plaintiff did not object to Defendants' request, and

27  Federal Rule of Evidence 201 authorizes consideration of the

28  proffered documents, this Court grants Defendants' requests for

1   judicial notice.

2       C.    <u>Motion to Dismiss</u>[2]

3           1.    <u>Federal Claims for Relief</u>

4               a.    <u>Breach of Security Instrument under HOEPA</u>

5       Plaintiff alleges Defendants failed to provide proper

6   disclosures to Plaintiff when the loan at issue was consummated and

7   engaged "in a pattern and practice of extending credit to Plaintiff

8   without regard to his ability to pay . . . ," in violation of the

9   Home Owners' Equity Protection Act ("HOEPA").  Comp. at ¶¶ 66-70.

10       HOEPA is a section of the Truth in Lending Act ("TILA") which

11   contains specific disclosure requirements and minimum standards for

12   residential mortgage loans.  <u>See</u> 15 U.S.C § 1639.  To state a

13   cognizable claim, a "[p]laintiff must allege facts supporting a

14   conclusion that HOEPA applies to the loan at issue . . . ." <u>Marks</u>

15   <u>v. Chicoine</u>, 2007 WL 160992 at *8 (N.D. Cal. Jan. 18, 2007) (citing

16   15 U.S.C. § 1602).  For a loan to be subject to HOEPA, a plaintiff

17   must establish:

18       Either the annual percentage rate of the loan at
     consummation must exceed by more than 10 percent the
19   applicable yield on treasury securities, or the total
     points and fees payable by the consumer at or before
20   closing has to be greater than 8 percent of the total
     loan amount, or $400.00.
21

22   <u>Lynch v. RKS Mortg. Inc.</u>, 588 F.Supp.2d 1254, 1260 (E.D. Cal. 2008)

23

24   [2] The court notes with great concern that all twelve of Plaintiff's
     causes of action, as pled in his complaint, are identical or
25   substantially similar to those contained in other complaints filed
     by Plaintiff's attorney in the Eastern District, all of which have
26   been dismissed for failure to state a claim.  <u>Compare</u>, <u>e.g.</u>, <u>Von</u>
     <u>Brincken v. Mortgageclose.com Inc., et al.</u>, 2011 WL 2621010 (E.D.
27   Cal. June 30, 2011), 10-cv-02153 JAM-KJN, Docs. #1, 12, 62, 74,
     <u>with</u> Comp.  Boilerplate or "cut and paste" pleadings are strongly
28   discouraged by this Court, particularly pleadings that contain
     claims previously dismissed.

1   (citing 15 U.S.C. § 1602(aa)(1) and 12 C.F.R. § 226.32(a)(1)).

2       Defendants correctly point out that Plaintiff has failed to
3   plead any facts in his Complaint demonstrating that HOEPA applies
4   to the loan at issue in this case.  Defs' MTD at pg. 4-6; see also
5   Von Brincken v. Mortgageclose.com Inc., et al., 2011 WL 2621010 at
6   *3 (E.D. Cal. June 30, 2011).  Plaintiff only alleges that he was
7   "required to pay excessive fees, expenses, and costs which exceeded
8   more than 10% of the amount financed," and Plaintiff did not direct
9   this Court to any other allegations in his Complaint that support
10  his theory that HOEPA applies in this case.  See Comp. at ¶ 64;
11  Opp. at pg. 8.  Because Plaintiff has failed to plead sufficient
12  facts to substantiate his breach of security instrument claim, this
13  cause of action is dismissed without prejudice.

14      Defendants also point out that Plaintiff's claim is barred by
15  TILA's one-year statute of limitations for damages and three year
16  statute of limitations for rescission, applicable to HOEPA claims,
17  as Plaintiff's loan was executed in June 2007 and he did not file
18  his complaint until April 2011, nearly four years later.  Defs' MTD
19  at pg. 5-6.  Plaintiff acknowledges his HOEPA claim was filed
20  outside of the statute of limitations, but argues that equitable
21  tolling applies to extend the limitations period because he "had no
22  way to know his statute of limitations [sic] started to run from
23  the time of the loan."  Opp. at pg. 6.

24      In the Ninth Circuit, "[e]quitable tolling may be applied if,
25  despite all due diligence, a plaintiff is unable to obtain vital
26  information bearing on the existence of his claim."  Santa Maria v.
27  Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing Holmberg
28  v. Armbrecht, 327 U.S. 392, 397 (1946)).  Importantly:

> [E]quitable tolling does not depend on any wrongful
> conduct by the defendant to prevent plaintiff from suing.
> Instead it focuses on whether there was excusable delay
> by the plaintiff. If a reasonable plaintiff would not
> have known the existence of a possible claim within the
> limitations period, then equitable tolling will serve to
> extend the statute of limitations for filing suit until
> plaintiff can gather what information he needs.

Id. (citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268
(7th Cir. 1995)) (other citations omitted).

In his Opposition, Plaintiff simply asks that this Court "exercise its discretion and equitable power and toll the statute of limitations." Opp. at pg. 6. Plaintiff's Complaint is devoid of facts demonstrating that he exercised due diligence in attempting to uncover information regarding his claims or that it was reasonable for Plaintiff to not have known of the existence of his claim, explaining why Plaintiff did not point this Court to his complaint to support the request in his Opposition to toll the statute of limitations. See Opp. at pg. 6-8; Comp. at ¶ 89 (merely alleging "Plaintiff first learned of the actions of Defendants . . . in March 2011. Any applicable statute of limitations should run from this date."). Plaintiff's conclusory statements lack the requisite factual specificity to withstand Defendants' Motion to Dismiss. Compare Von Brincken v. Mortgageclose, et al., 2011 WL 2621010 at *2-3 (E.D. Cal. June 30, 2011) (finding an identical HOEPA claim, filed by Plaintiff's counsel, was barred by the statute of limitations and that Plaintiff had failed to plead facts supporting the application of equitable tolling in his second amended complaint). Accordingly, Plaintiff's claim for "Breach of Security Instrument" under HOEPA is dismissed, with leave to amend.

1              b.    Violations of RESPA

2        Plaintiff alleges that Defendants violated the Real Estate

3   Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, by

4   "accept[ing] charges for the rendering of real estate services

5   which were in fact charges for other than services [*sic*] actually

6   performed."  Comp. at ¶ 92.

7        RESPA proscribes referral fees or fee splitting "in connection

8   with a transaction involving federally related mortgage loan."  12

9   U.S.C. § 2607(a), (b).  As Defendants correctly point out,

10  Plaintiff's Complaint contains a dearth of facts related to his

11  RESPA claim, and he has not pled that Defendants violated RESPA by

12  engaging in either of the proscribed acts.  Defs' MTD at pg. 6-7;

13  see also Opp. at pg. 9 (stating, in a conclusory fashion, that

14  Plaintiff's Complaint contained sufficient facts to withstand

15  Defendants' Motion).  Accordingly, Plaintiff's RESPA claim is

16  dismissed without prejudice.

17       Defendants also note that Plaintiff's RESPA claim is barred by

18  the one-year statute of limitations.  Defs' MTD at pg. 7 (citing 12

19  U.S.C. § 2614).  Plaintiff makes the same argument regarding the

20  application of equitable tolling as he did with his HOEPA claim,

21  and it is defective for the same reasons stated above.  See supra

22  at C.1.a.  Accordingly, Plaintiff's RESPA claim is dismissed

23  without prejudice because Plaintiff has failed to plead facts

24  demonstrating the applicable statute of limitations should be

25  tolled.

26              c.    Violations of TILA

27       Plaintiff alleges Defendants "failed to include and disclose

28  certain charges in the finance charge shown on the TILA statement,"

                                    8

1    in violation of 15 U.S.C. § 1601, *et seq.*, and Plaintiff seeks both

2    rescission and damages.  Comp. at ¶¶ 95-99.  Plaintiff does not

3    include any facts supporting his conclusory allegations that

4    Defendants violated TILA, and therefore, Plaintiff's TILA claims

5    for rescission and damages cannot withstand Defendants' Motion to

6    Dismiss.  See also Von Brincken v. Mortgageclose, et al., 2011 WL

7    2621010 at *4 (E.D. Cal. June 30, 2011).

8         Plaintiff's TILA claim is also time-barred.  As set forth

9    above, the statute of limitations under TILA is one year for

10   damages and three years for rescission, and as Defendants note,

11   Plaintiff's Complaint was filed well outside both.  Defs' MTD at

12   pg. 5-6.  For the same reasons detailed above regarding Plaintiff's

13   HOEPA claim, Plaintiff has failed to plead facts to support the

14   application of equitable tolling in this case.  Accordingly,

15   Plaintiff's claim under TILA for rescission and damages is

16   dismissed without prejudice.

17                    d.   Violations of FCRA

18        Plaintiff alleges that Defendants violated the Fair Credit

19   Reporting Act ("FCRA"), 15 U.S.C. § 1681, by "wrongfully,

20   improperly, and illegally report[ing] negative information as to

21   the Plaintiff to one or more credit reporting agencies . . . ."

22   Comp. at ¶ 101.

23        There is a private right of action for violations of section

24   1681(S)(2()(b) of the FRCA.  Matracia v. JP Morgan Chase Bank, 2011

25   WL 1833092 at *3 (E.D. Cal. May 12, 2011).  However, to succeed on

26   such a claim, a plaintiff must allege that he had a dispute with a

27   credit reporting agency regarding the accuracy of an account, that

28   the credit reporting agency notified the furnisher of the

1    information, and that the furnisher failed to take the remedial

2    measures outlined in the statute.  Id.  As Defendants properly

3    argue, Plaintiff has not pled any facts supporting the elements of

4    a cause of action under FCRA, and Plaintiff does not rebut this

5    charge by pointing the Court to any facts substantiating the FCRA

6    claim pled his Complaint.  Defs' MTD at pg. 8-9; Opp. at pg. 9-10.

7    Plaintiff has failed to plead any facts supporting his claim, and

8    therefore, Defendants' Motion to Dismiss is granted without

9    prejudice as to the FCRA claim.

10                2.   State Law Claims for Relief

11                     a.   Fraudulent Misrepresentation

12        Plaintiff contends Defendants fraudulently concealed and

13   misrepresented information about his loan, before and after

14   closing.  Comp. at ¶¶ 108-114.

15        Federal Rule of Civil Procedure 9(b) provides a heightened

16   pleading standard, which applies to all "averments of fraud,"

17   regardless of whether or not "fraud" is an essential element of the

18   claim.  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1105 (9th

19   Cir. 2003).  Rule 9(b) provides that "[i]n alleging fraud or

20   mistake, a party must state with particularity the circumstances

21   constituting fraud or mistake," meaning a plaintiff must plead the

22   "time, place, and specific content of the false representations, as

23   well as the identities of the parties to the misrepresentations."

24   Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal

25   quotations and citations omitted).

26        Importantly, when a plaintiff pleads a claim for fraud against

27   multiple defendants:

28        Rule 9(b) does not allow a complaint to merely lump

                                  10

multiple defendants together but requires plaintiff[ ] to
differentiate [his] allegations when suing more than one
defendant . . . and inform each defendant separately of
the allegations surrounding his alleged participation in
the fraud . . . . [A] plaintiff must, at a minimum,
identify the role of each defendant in the alleged
fraudulent scheme.

Id. at 764-65 (quotations omitted).

Defendants correctly assert that Plaintiff's allegations of fraud are conclusory and lack the specificity required by Rule 9(b).  Defs' MTD at pg. 9-10.  Indeed, Plaintiff does not present any factual detail regarding the alleged misrepresentations by Defendants, nor does Plaintiff distinguish between the Defendants in his Complaint.  Id.  Because Plaintiff's allegations fall well below the pleading standard set forth in Rule 9(b), Plaintiff's fraudulent misrepresentation claim is dismissed without prejudice.

Defendants also point out that Plaintiff's claim is barred by the applicable three-year statute of limitations.  Defs' MTD at pg. 10.  Plaintiff's Complaint includes the same conclusory statement regarding the equitable tolling under his fraudulent misrepresentation claim as he does under his federal claims, discussed above, which lacks the factual specificity to toll the limitations period.  See Comp. at ¶ 11.  More importantly, Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition.  Plaintiff's failure to oppose Defendants' Motion to Dismiss on this basis serves as a concession that his claim is time-barred.  Accordingly, Plaintiff's claim for fraudulent misrepresentation is dismissed with prejudice.

b.   Breach of Fiduciary Duties

Plaintiff asserts that a fiduciary relationship existed

11

between the Plaintiff and Defendants, and the "Defendants breached their fiduciary duties by inducing Plaintiff to enter into a mortgage transaction which was contrary to Plaintiff's . . ." stated intentions, interest, and "preservation of his home." Comp. at ¶¶ 116-117.

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal.App.4th 515, 524 (Cal. Ct. App. 6d 2008).

As Defendants point out, there is no fiduciary relationship between a debtor and creditor. See, e.g., Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (Cal. Ct. App. 1989) (citing Downey v. Humphreys, 102 Cal.App.2d 323, 332 (Cal. Ct. App. 1951)). Moreover, in the lending context, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 3d 1991).

As set forth in Plaintiff's complaint, the relationship between Plaintiff and Defendant is that of a debtor-creditor, which does not create a fiduciary relationship between the parties. Compare Comp. with Price v. Wells Fargo Bank, 213 Cal.App.3d 465 (Cal. Ct. App. 1989). Moreover, Plaintiff's Opposition does not save his claim, as he erroneously alleges that the actions of Defendants caused them to become fiduciaries. Opp. at pg. 13. Because Plaintiff has failed to plead facts demonstrating an essential element of a claim for breach of fiduciary duties, his claim is dismissed. See Eminence Capital, L.L.C. v. Aspeon, Inc.,

1  316 F.3d 1048, 1052 (9th Cir. 2003).  Allowing Plaintiff leave to

2  amend in this case would be futile, as it is clear from the

3  Complaint and Plaintiff's Opposition that the relationship between

4  Plaintiff and Defendants is a typical lender-debtor relationship.

5  Therefore, Plaintiff's claim for breach of fiduciary duty is

6  dismissed with prejudice.

7                      c.    <u>Unjust Enrichment</u>

8       Plaintiff alleges that Defendants retained "benefits from

9  their actions of charging a higher interest rate, fees, rebates,

10  kickbacks, profits . . . and gains and other fees unrelated to the

11  settlement services provided at closing," unjustly, and to

12  Plaintiff's detriment.  Comp. at ¶¶ 123-124.

13       As Defendants correctly point out, many California courts have

14  made clear that "unjust enrichment is not a cause of action."

15  Defs' MTD at pg. 11-12; <u>see</u>, <u>e.g.</u>, <u>Jogani v. Superior Court</u>,165

16  Cal.App.4th 901, 911 (2008) (citing <u>Melchior v. New Line Products</u>,

17  106 Cal.App.4th 779, 793 (2003)).  Additionally, under California

18  law, it is well settled that an action based upon an implied-in-

19  fact contract or quasi-contract cannot lie where there exists a

20  valid express contract covering the same subject matter between the

21  parties.  <u>Solano v. America's Servicing Company</u>, 2011 WL 1669735 at

22  *7 (E.D. Cal. May 3, 2011).  Notably, Plaintiff does not present

23  law to the contrary in his Opposition to demonstrate his claim for

24  unjust enrichment is viable.  <u>See</u> Opp. at pg. 14-15.

25       Because Plaintiff has pled an uncognizable claim, Defendants'

26  Motion to Dismiss is granted and Plaintiff's claim for unjust

27  enrichment is dismissed.  It is clear that allowing amendment would

28  be futile as to this claim, as it is not recognized under

California law, and Plaintiff is not entitled to implied-in-fact or quasi-contract relief due to the relationship between the parties. See Jogani, 165 Cal.App.4th at 911 (citing Melchior v. New Line Products, 106 Cal.App.4th 779, 793 (2003)). Accordingly, Plaintiff's claim for unjust enrichment is dismissed with prejudice.

### d.   Civil Conspiracy

Plaintiff alleges Defendants engaged in a conspiracy to defraud the Plaintiff through "the commencement of foreclosure." Comp. at ¶¶ 129-131.

Defendants correctly assert that Plaintiff cannot maintain a cause of action for civil conspiracy, as "it is not an independent tort," which Plaintiff does not rebut in his Opposition. Defs' MTD at pg. 12-13; Opp. at pg. 10-12; see also Applied Equipment Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503, 510-11 (1994) ("By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty.").

Because a cause of action for "civil conspiracy" is not cognizable, Defendants' Motion is to Dismiss is granted, and Plaintiff's claim for civil conspiracy is dismissed with prejudice. Accord Von Brincken v. Mortgageclose, et al., 2011 WL 2621010 at *6 (E.D. Cal. June 30, 2011).

### e.   Civil RICO Violations

Plaintiff alleges that Defendants participated in a conspiracy through a pattern of racketeering activities, with multiple entities and parties which constituted a civil and criminal

1   enterprise, designed to defraud Plaintiff, in violation of the

2   civil Racketeer Influenced and Corrupt Organizations Act ("RICO").

3   Comp. at ¶¶ 135-139.

4        To properly plead a civil RICO claim for damages, a plaintiff

5   must show that defendants, through two or more acts constituting a

6   pattern, participated in an activity affecting interstate commerce.

7   E.g., McAnelly v. PNC Mortgage, 2011 WL 318575 at *3 (E.D. Cal.

8   Feb. 1, 2011).  Moreover, Rule 9(b)'s heightened pleading

9   requirement "applies to civil RICO fraud claims."  Edwards v. Marin

10  Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citing Alan Neuman

11  Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989)).

12       Defendants correctly assert that Plaintiff's conclusory

13  allegations regarding the alleged RICO violations fall well short

14  of the Rule 9(b) particularity requirements.  Defs' MTD at pg. 13-

15  14; accord Edwards, 356 F.3d at 1066.  Although Defendants argue

16  this is a "single fraud perpetrated on a single victim," and

17  clearly not a pattern of racketeering, the case cited by Defendants

18  involved a ruling at the summary judgment phase.  Defs' MTD at pg.

19  13-14 (citing California Architectural Bldg. Products, Inc. v.

20  Franciscan Ceramics, Inc., et al., 818 F.2d 1466, 1469 (9th Cir.

21  1987)).  Plaintiff's allegations lack any substantiating facts, and

22  this Court cannot discern from Plaintiff's conclusory allegations

23  whether or not there was a pattern of racketeering.

24       Accordingly, Defendants' Motion to Dismiss is granted, and

25  Plaintiff's RICO claim is dismissed without prejudice.

26              f.   Quiet Title

27       Plaintiff alleges that while Defendants may be the "owner of

28  [an] asset-backed security . . . ," Plaintiff is the true owner of

15

1   the subject property and is entitled to an order "clearing title of

2   the purported subject mortgage encumbrance."  Comp. at ¶¶ 158-162.

3        In order to plead a claim to quiet title, the complaint must

4   state: (1) a legal description of the property; (2) the title of

5   the plaintiff and the basis of the title; (3) the adverse claims to

6   the title of the plaintiff; (4) the date as of which the

7   determination is sought; and (5) a prayer for the determination of

8   the title of the plaintiff against adverse claims.  CAL. CIV. PROC.

9   CODE § 761.020.  Importantly, "[a] mortgagor cannot quiet his title

10  against the mortgagee without paying the debt secured."  Dyachishin

11  v. America's Wholesale Lenders, 2010 WL 1525703 at *2 (E.D. Cal.

12  April 15, 2010) (quoting Santos v. Countrywide Home Loans, 2009 WL

13  3756337 at *4 (E.D. Cal. Nov. 6, 2009)).

14       Defendants correctly assert that Plaintiff's complaint

15  completely fails to present facts substantiating the requisite

16  elements for a claim to quiet title, and Plaintiff has not alleged

17  his ability to tender.  Defs' MTD at pg. 14-15; accord Dyachishin,

18  2010 WL 1525703 at *2-3 (E.D. Cal. April 15, 2010).  Accordingly,

19  Defendants' Motion to Dismiss is granted, and Plaintiff's cause of

20  action to quiet title is dismissed without prejudice.

21            g.   Usury and Fraud

22       Plaintiff alleges Defendants participated in a scheme to "use

23  Plaintiff's interest in the real property to collect interest in

24  excess of the legal rate."  Comp. at ¶ 169.

25       Plaintiff's fraud claims have been previously dismissed,

26  above, and are therefore not considered again here.

27       The elements of a usury claim are: "(1) The transaction must

28  be a loan or forbearance; (2) the interest to be paid must exceed

16

the statutory maximum; (3) the loan an interest must be absolutely

repayable by the borrower; and (4) the lender must have a willful

intent to enter into a usurious transaction." See, e.g., Solano v.

America's Servicing Co., 2011 WL1669735 at *9 (E.D. Cal. May 3,

2011) (citing Chirardo v. Antonioli, 8 Cal.4th 791, 798 (1994)).

Moreover, "[a] loan that charges an interest rate greater than 10

percent per annum is usurious." Id. (citing 321 Henderson

Receivables Origination LLC v. Sioteco, 173 Cal.App.4th 1059, 1076

(2009)).

As Defendants correctly assert, Plaintiff does not allege that

the interest rate of his loan exceeded the maximum lawful rate, nor

does Plaintiff provide any other facts supporting his claim for

usury. Defs' MTD at pg. 15-16; accord Von Brincken v.

Mortgageclose, et al., 2011 WL 2621010 at *6 (E.D. Cal. June 30,

2011). Moreover, Plaintiff's claim is barred by the applicable

two-year statute of limitations, and Plaintiff has not alleged

facts sufficient to toll the statute of limitations. Defs' MTD at

pg. 16-17. Plaintiff failed to address Defendants' Motion to

Dismiss his usury and fraud claim in his Opposition. This serves

as a concession, and Plaintiff's claim for usury and fraud is

therefore dismissed with prejudice.

h.   Wrongful Foreclosure

Plaintiff alleges that Defendants improperly initiated the

foreclosure process against the subject property. Comp. at ¶¶ 178-

185.

Defendants correctly argue that they were either the "trustee,

mortgagee, or beneficiary, or any of their authorized agents," and

therefore were authorized under California law to initiate the

17

1  foreclosure process.  Defs' MTD at pg. 17-18.  This is confirmed by

2  the documents that were judicially noticed.  Because Plaintiff's

3  allegations are not plausible in light of the indisputable

4  evidence, properly considered by this Court under Federal Rule of

5  Evidence 201, Defendants' Motion to Dismiss is granted and

6  Plaintiff's wrongful foreclosure claim is dismissed with prejudice.

7       D.   Motion to Expunge

8       Defendants also move to expunge the recorded lis pendens,

9  which is currently an encumbrance on the subject property.  Defs'

10  MTD at pg. 19-20.  Plaintiff did not oppose this motion.

11  Accordingly, the motion is granted.

12

13                        III. ORDER

14       After carefully considering the papers submitted in this

15  matter, it is hereby ordered that Defendant's Motion to Dismiss is

16  GRANTED, as follows:

17       1.   Plaintiff's claim for breach of security instrument under

18  HOEPA is dismissed without prejudice;

19       2.   Plaintiff's claim for violations of the Real Estate

20  Settlement Procedures Act is dismissed without prejudice;

21       3.   Plaintiff's claim for violations of the Truth in Lending

22  Act is dismissed without prejudice;

23       4.   Plaintiff's claim for violations of the Fair Credit

24  Reporting Act is dismissed without prejudice;

25       5.   Plaintiff's claim for fraudulent misrepresentation is

26  dismissed with prejudice;

27       6.   Plaintiff's claim for breach of fiduciary duties is

28  dismissed with prejudice;

1       7.   Plaintiff's claim for unjust enrichment is dismissed with

2   prejudice;

3       8.   Plaintiff's claim for civil conspiracy is dismissed with

4   prejudice;

5       9.   Plaintiff's claim for civil RICO violations is dismissed

6   with prejudice;

7       10.   Plaintiff's claim to quiet title is dismissed without

8   prejudice;

9       11.   Plaintiff's claim for usury and fraud is dismissed with

10  prejudice;

11      12.   Plaintiff's claim for wrongful foreclosure is dismissed

12  with prejudice;

13      It is further ordered that Plaintiff shall ensure the recorded

14  lis pendens is expunged within twenty (20) days of this order.

15      If Plaintiff wishes to file an Amended Complaint with respect

16  to his breach of security instrument, Real Estate Settlement

17  Procedures Act, Truth in Lending Act, Fair Credit Reporting Act,

18  and quiet title claims, it must be filed within twenty (20) days of

19  this Order.  Otherwise, Plaintiff should file a notice of

20  dismissal.

21      IT IS SO ORDERED.

22

23  Dated: September 16, 2011

24          JOHN A. MENDEZ,

        UNITED STATES DISTRICT JUDGE

25

26

27

28